**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DANZIGER KOSHER CATERING USA, L.L.C., a Delaware limited liability company, and **DANZIGER FAMILY HOLDINGS L.L.C.,** a Delaware limited liability company, <br><br> **Plaintiffs,** <br><br> v. <br><br> **DIMENSIONS EVENTS, INC.** also known as **DIMENSIONS KOSHER CATERING,** formerly known as **DIMENSIONS MUSIC, INC.,** an Illinois corporation and **SHMUEL MASHIACH,** an individual resident of the State of Illinois, <br><br> **Defendants.** | **Case No. 18-cv-5870** |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT, UNFAIR COMPETITION,
TRADEMARK INFRINGEMENT, AND CONFIRMATION
OF ARBITRATION AWARD AND FOR OTHER RELIEF**

Plaintiffs, DANZIGER KOSHER CATERING USA, L.L.C. ("Danziger USA") and

DANZIGER FAMILY HOLDINGS L.L.C., ("Danziger Holdings") (collectively referred to as

the "Danziger Plaintiffs"), by and through its attorneys, Robert R. Benjamin, Beverly A.

Berneman, Ashley L. Orler and Neil P. Johnson, complain against Defendants, DIMENSIONS

EVENTS, INC. also known as DIMENSIONS KOSHER CATERING, formerly known as

DIMENSIONS MUSIC, INC., ("Dimensions") and SHMUEL MASHIACH ("Mashiach")

(collectively referred to as the "Defendants") and, in support thereof, state as follows:

**PRELIMINARY STATEMENT**

1. This is an action for copyright infringement, unfair competition, trademark

infringement, confirmation of an arbitration award and for other relief. For decades, Danziger

USA has been a premier kosher caterer nationwide, specifically in Illinois. Danziger USA had

entered into an agreement with Dimensions whereby Dimensions and Mashiach would operate Danziger USA's kosher catering business in Chicago, Illinois and the surrounding suburbs. As part of the agreement, Dimensions was permitted to use the photographs of events and food presentations owned by Danziger USA and the "DANZIGER" trademarks owned by Danziger Holdings. The business relationship deteriorated and numerous disputes arose. Danziger USA terminated the agreement on October 2, 2017. Dimensions and Mashiach refused to accept the termination. The parties contracted to submit their disputes to a Jewish arbitration tribunal (the "Tribunal"), the Chicago Rabbinical Council (the "cRc"). On June 8, 2018, the Tribunal issued an arbitration award that held, *inter alia,* given the total breakdown of the parties' business relationship, the contract between Danziger USA and Dimensions would be rescinded and the parties would be required to perform certain tasks to complete the rescission process. The Tribunal further clarified its ruling on July 5, 2018. As part of the termination and later the rescission, Dimensions and Mashiach lost the rights to use the Danziger USA photos and the Danziger Holdings trademarks. Despite numerous requests from the Danziger Plaintiffs, Defendants continued to use Danziger USA photos and the Danziger Holdings trademark. As a result of the wrongful acts of Defendants, the Danziger Plaintiffs seek injunctive relief, monetary damages, punitive damages, and attorneys' fees.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over Count I of this matter pursuant to 28 U.S.C. §1338(a) as an action arising under 17 U.S.C. §101 *et seq.* (Copyright Act). This Court has jurisdiction over Count II of this matter pursuant to 15 U.S.C. §1125(a)(Unfair Competition under the Lanham Act). This Court has supplementary jurisdiction over the remaining counts, specifically Count III (Illinois Trademark Law), Count IV (765 ILCS 1036/65 - Illinois Anti-Dilution Act), Count V (815 ILCS 505/1 *et seq.* - Illinois Consumer Fraud and Deceptive

Business Practices Act), Count VI (815 ILCS 510/2 - Illinois Uniform Deceptive Trade Practices Act) and Count VII (710 ILCS 5/11 – Confirmation of Arbitration Award).

2.      Venue is proper in this district pursuant to 28 U.S.C. §§1391(b) in that the defendants are located in and conduct business in Cook County, Illinois.

## THE PARTIES

3.      Plaintiff, Danziger USA, is a Delaware limited liability company. Danziger USA provides kosher catering services in numerous locations throughout the United States. Danziger is the owner of certain copyrights as will be more fully set forth below.

4.      Plaintiff, Danziger Holdings, is a Delaware limited liability company. Danziger Holdings is the owner of certain trademarks as will be more fully set forth below.

5.      Defendant, Dimensions Events, Inc. a/k/a/ Dimensions Kosher Catering f/k/a Danziger Kosher Midwest, provides kosher catering services in and around Cook County, Illinois.

6.      Defendant, Schmuel Mashiach, is the president of Dimensions and, at all times relevant hereto, controlled and directed the actions of Dimensions.

## FACTS COMMON TO ALL COUNTS

### Background of Danziger USA

7.      Danziger USA and its predecessors are well-respected kosher caterer in various states throughout the United States with one of its principal bases of operations in Chicago metropolitan area.

8.      Danziger USA caters life cycle events including weddings, bar/bat mitzvahs, events related to the birth of a baby, birthdays and anniversaries as well as any other type of corporate or charitable event that serves kosher food.

9. Danziger USA is a family owned business and now employs the third generation.

10. Danziger USA has provided cutting-edge kosher certified catering in the United States for fifty-two years. Danziger USA is committed to innovation; it offers the newest trends in catering while being mindful of its traditional roots and religious values.

11. Over the years, Danziger USA has earned the trust of its customers and become the leading kosher caterer in the Midwest and in South Florida as well as other cities around the United States.

12. Danziger USA provides certified kosher foods under the supervision of the cRc and Kosher Miami in order to insure that its customers receive high quality certified kosher food.

### *Danziger USA Copyrights*

13. As part of its business in providing kosher catering services, Danziger USA's employees arrange and take photographs of events and food presentations.

14. The employee photographers take time and care in creating photos of the Danziger USA events and food presentations by setting up the shots for the best angle, making lighting decisions and arranging the food preparations to make them aesthetically pleasing and appetizing.

15. The photographs were first published in 2014.

16. In order to further protect the photographs, Danziger USA has applied to register the photographs with the United States Copyright Office ("Copyright Office"). Attached hereto as **Exhibit 1** is a copy of the application to register the works and the deposit of the works that Danziger USA submitted to the Copyright Office (collectively referred as the "Danziger Works" and individually referred to be the number of the work appearing in the lower right hand corner of the deposit with the Copyright Office).

4

*Danziger Holdings Trademarks*

17.     Beginning at least as early as 1965, Danziger Holdings and its predecessors owned and continue to own the exclusive rights to use the "DANZIGER" name and related trademarks in relation to offering kosher catering services.

18.     At least as early as 1984, Danziger Holdings adopted two trademarks (the "Danziger Marks") as is more fully set forth below. Danziger Holdings has applied to register the trademarks with the United States Patent and Trademark Office ("USPTO"), as follows:

| Mark | Date of First Use | USPTO Serial No. | Class: Goods and Services |
|---|---|---|---|
| Danziger Kosher Catering | December 1, 1984 | 88074270 | 043: Kosher catering |
| Danziger Kosher Catering USA "The Ultimate in Kosher Catering" | December 1, 1984 | 88074282 | 043: Kosher catering |

19.     Danziger Holdings has used the Danziger Marks for the identified goods and services openly and continuously for at least 35 years.

20.     Danziger Holdings has invested substantial time and money in promoting the Danziger Marks.

21.     The Danziger Marks are distinctive and recognized by the public as being associated with kosher catering services.

22.     The Danziger Marks symbolize quality in the kosher catering industry.

23.     Danziger Holdings does not permit the use of the Danziger Marks in connection with kosher catering services without its permission.

24.     Danziger Holdings licenses the use of the Danziger Marks to Danziger USA pursuant to a non-exclusive license (the "Holdings/USA License"). The Holdings/USA License

5

permits Danziger USA to sublicense the Danziger Marks upon permission from Danziger Holdings.

25.     Pursuant to the Holdings/USA License, Danziger USA promotes the Danziger Marks through a variety of methods, including but not limited to print advertising, Internet advertising, the operation of a website and the use of agents to obtain engagements for kosher catering services.

26.     Danziger USA expends approximately $50,000.00 per year to advertise the Danziger Marks in connection with kosher catering services.

27.     As a result of the public's widespread and favorable acceptance and recognition of the Danziger kosher catering services, the Danziger Marks have become valuable assets of Danziger Holdings.

### The Relationship Between Danziger USA and Dimensions

28.     In late 2016, Stuart Morginstin ("Morginstin"), President of Danziger USA, received a call from a long-term contact at the Hilton Hotel who suggested Morginstin meet with Mashiach, a member of a Jewish celebration band and shareholder of Dimensions Music, Inc. to discuss potential business collaboration.

29.     Mashiach and Dimensions had no catering or food services experience. However, Mashiach represented to Morginstin that he had significant contacts and relationships with venues and persons hosting kosher life cycle catered events, and other kosher catered events in the Chicagoland area which could be used to enhance the business of Danziger USA.

30.     Based on Mashiach's representations, Danziger USA believed that Mashiach and Dimensions would increase Danziger USA's market share in Illinois, Michigan, Wisconsin,

Indiana, Iowa, Kansas, Minnesota, Nebraska, North Dakota, Missouri, Wisconsin, and South Dakota ("Danziger Midwest Territory").

31.     Danziger USA and Dimensions entered into an Agreement effective January 1, 2017 (the "Agreement"), a copy of which is attached hereto as **Exhibit 2**.

32.     As part of the Agreement, Danziger USA licensed the use of the Danziger Works to Dimensions which included permission to copy, distribute and display the Danziger Works in one or more of the following ways:

        a.     On Dimensions' website;

        b.     On Dimensions' social media accounts, specifically, Facebook, Instagram, Yelp and Pinterest (collectively referred to as "Dimensions' Social Media"); and

        c.     On promotional websites, specifically PartySlate.com.

33.     Also, Danziger USA, with permission from Danziger Holdings, sublicensed, effectively, the Danziger Marks to Dimensions by allowing the use of the marks' dominant portions, which is the name "DANZIGER" with or without the words "KOSHER" and "CATERING" in advertising its services.

34.     Dimensions agreed to use the Danziger Marks only in connection with kosher catering services that complied with the quality control standards set forth in the Agreement and the Danziger USA kosher certification issued by the cRc.

35.     On or about January 27, 2017, Dimensions registered the domain name "DanzigerKosherMidwest.com" ("DKM Domain Name") and developed a website using the domain name.

36.     Within a week of signing the Agreement, Dimensions was in material breach of the Agreement.

37.     Dimensions continued to breach the Agreement from that point forward on both a monetary and non-monetary basis.

38.     In addition to monetary and non-monetary breaches of the Agreement, Dimensions breached the license to use the Danziger Mark by failing to meet the quality control standard imposed by the sublicense from Danziger USA to Dimensions.

39.     On October 2, 2017, Danziger USA served a notice of termination of the Agreement on Dimensions ("October 2 Termination Notice"). Dimensions disputed whether Danziger USA had a right terminate the Agreement. A copy of the Termination Notice is attached hereto as **Exhibit 3.**

40.     The disputes between Danziger USA and Dimensions escalated and the parties agreed to submit their disputes to a Jewish arbitration tribunal consisting of three rabbis under the auspices of the cRc, known as a "Beth Din Zabla" (the "Beth Din"),

41.     In accordance with the agreement to submit their disputes to the Beth Din, the parties entered to an arbitration agreement, called a Shtar. The parties amended the original Shtar and proceeded to arbitration accordingly. A copy of the Amended Shtar is attached hereto as **Exhibit 4**.

42.     In January 2018, the Beth Din conducted a multi-day arbitration hearing regarding the disputes between the parties.

43.     On June 8, 2018, the Beth Din issued its arbitration ruling which essentially called for a rescission of the Agreement and for the parties to take appropriate steps to disengage, as is more fully set forth on **Exhibit 5** (the "June 8 Ruling").

44.     The parties disagreed about various aspects of the June 8 Ruling. Therefore, upon request from Danziger USA, the Beth Din issued a supplementary arbitration ruling on July 5, 2018, as is more fully set forth on **Exhibit 6** (the "July 5 Ruling").

45.     As a result of the October 2 Termination Notice, Dimensions knew or should have known that its license to use the Danziger Works and the Danziger Marks had been terminated.

46.     The June 8 Ruling and subsequent July 5 Ruling resolved any doubts by Dimensions as to rights to the Danziger Works and the Danziger Marks. Dimensions rights under the Agreement had been terminated.

### *Dimensions and Mishiach's Unauthorized Use of the Danziger USA Works and Danziger Word Mark*

47.     Despite being given notice on October 2, 2017 terminating Dimensions' license to use the Danziger Works and the Danziger Marks,  Dimensions, under the direction and control of Mashiach, did, or continued to do, one or more of the following:

a.   Continued to copy, distribute and display the Danziger Works on the Dimensions website;

b.   Continued to copy, distribute and display the Danziger Works on Dimensions' Social Media;

c.   Continued to post the Danziger Works on third party promotional websites such as PartySlate.com;

d.   Continued to use the name "Danziger Kosher Midwest";

e.   Continued to use the DKM Domain Name which incorporates the dominant portion of the Danziger Marks; and

f.   Programmed the DKM Domain Name to automatically redirect Internet users to a website operated by Dimensions (dimensionskosher.com).

48.     Danziger USA made numerous demands on Dimensions and Mashiach, by and through their counsel, to discontinue the use of the Danziger Works and the Danziger Marks, all as is more fully set forth on **Group Exhibit 7**.

49.     At first, counsel for Defendants insisted that Dimensions and Mashiach had a right to use the Danziger Works and the Danziger Marks beyond the termination of the licenses to Dimensions. Eventually, Defendants insisted that they were entitled to use the Danziger Marks for at least three months post termination and then Danziger Holdings and Danziger USA should not be permitted to use the Danziger Marks for three months after that. Danziger Holdings and Danziger USA advised Defendants that as the owner and the authorized licensee of the Danziger Marks, they decide how and when the Danziger Marks would be used.

50.     Despite the October 2 Termination Notice, the June 8 Ruling, the July 5 Ruling and numerous demands by Danziger USA on Dimensions to cease using the Danziger USA Works and the Danziger Word Mark, Dimensions, under the supervision and control of Mashiach, continues the unauthorized use of the Danziger Works and the Danziger Marks.

### CAUSES OF ACTION

#### COUNT I
*By Danziger USA's Against All Defendants for Copyright Infringement in
Violation of 17 U.S.C. §§101 et seq.*

51.     Danziger USA realleges paragraphs 1 through 50 as paragraph 51 of Count I.

52.     Danziger USA has been and continues to be the owner of all rights, title and interests in the Danziger Works.

53.     As the owner of the Danziger Works, Danziger licensed the use of the Danziger Works to Dimensions pursuant to the Agreement

54.     At least as early as the October 2 Termination Notice, Dimensions' license to copy, distribute and display the Danziger Works on the Dimensions website, in Dimensions Social Media and in advertisements on third party promotional websites was terminated.

55.     Despite the termination of its license, Dimensions, under the supervision and control of Mashiach, continues to copy, distribute and display the Danziger Works.

56.     Defendants' acts violate Danziger USA's exclusive rights under 17 U.S.C. §106 and constitute infringement of Danziger USA's copyrights.

57.     Defendants acted with intent to infringe upon Danziger USA's copyrighted works.

58.     Defendants acted willfully with the intent to harm Danziger USA.

59.     Defendants' acts have damaged Danziger USA in an amount yet to be determined.

60.     Danziger USA has no adequate remedy at law because the Danziger USA works are unique and the use of the works without Danziger USA's permission will cause continuing harm to Danziger USA.

61.     Unless enjoined and restrained by this Court, Dimensions and Mashiach will continue to use the Danziger Works causing continuing harm to Danziger USA.

WHEREFORE, Plaintiff, DANZIGER KOSHER CATERING USA, L.L.C., prays as follows:

A.     That Defendants DIMENSIONS EVENTS, INC. also known as DIMENSIONS KOSHER CATERING, formerly known as DIMENSIONS MUSIC, INC., and SHMUEL MESHIACH their agents, employees and affiliated companies be temporarily, preliminarily and permanently enjoined from infringing on Plaintiff's copyrighted works;

B.     That Defendants be required to pay to Plaintiff any actual damages incurred as a result of the Defendants' copyright infringement pursuant to 17 U.S.C. §504(b);

C.     In the alternative, that Defendants be required to pay statutory damages pursuant to 17 U.S.C. §504(c);

D.     That Defendants be required to pay Plaintiff's attorneys fees pursuant to 17 U.S.C. §505; and

E.     For such other and further relief as this Court deems just and proper.

### COUNT II

*By Danziger Holdings Against All Defendants for Unfair Competition Pursuant to §43(a) of the Lanham Act [15 U.S.C. §1125(a)]*

62.     Danziger Holdings realleges paragraphs 1 through 50 as paragraph 62 of Count II.

63.     Defendants have used the Danziger Marks after the termination of their license to do so in connection with kosher catering services.

64.     Defendants have used the Danziger Marks after the termination of their license to do so in order to cause confusion and mistake and to deceive the public.

65.     Defendants' intentional and unauthorized use of the Danziger Marks constitutes unfair competition in violation of in violation of Section 43(a) of the Lanham Act [15 U.S.C. 1125(a)].

66.     Danziger Holdings has suffered damages which include loss of profits as a result of the Defendants' unauthorized and intentional use of the Danziger Marks.

67.     Danziger Holdings has no adequate remedy at law because the Danziger Marks is unique and represent to the public Danziger Holdings' identity, reputation and good will, such that damages alone cannot fully compensate Danziger Holdings for the intentional and unauthorized acts of Defendants.

68.     Unless enjoined and restrained by this Court, Defendants will continue to use the Danziger Marks.  Danziger Holdings will suffer irreparable injury for which Danziger Holdings has no adequate remedy at law for the following reasons:

1.  Defendants' use of the Danziger Word Mark will dissipate the public's confidence in Danziger Holdings and its goods and services;

2.  Continued use of the Danziger Word Mark will damage the good will attached thereto because Danziger Holdings cannot monitor Defendants' quality control over their goods and services: and

3.  The business of Defendants is of dubious profitability and, therefore, they may not be able to respond completely in damages.

WHEREFORE, Plaintiff, DANZIGER HOLDINGS, L.L.C., prays as follows:

A.     That this Court enter an order granting an injunction, temporarily, preliminarily and permanently enjoining the Defendants, DIMENSIONS EVENTS, INC. also known as DIMENSIONS KOSHER CATERING, formerly known as DIMENSIONS MUSIC, INC. and SHMUEL MESHIACH, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

1.  Providing, selling, marketing, advertising, promoting, or authorizing any third party to provide, sell, market, advertise or promote catering services bearing the Danziger Marks or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the Danziger Marks;

2. Engaging in any activity that infringes Danziger Holdings' rights in the Danziger Marks;

3. Engaging in any activity constituting unfair competition with Danziger Holdings and its licensee, Danziger USA;

4. Making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendants' goods and services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Danziger Holdings or its licensee, Danziger USA; or (ii) that the goods and services of Danziger Holdings and its licensee, Danziger USA, are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Defendants;

5. Registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the Danziger Marks or any other mark that infringes or is likely to be confused the Danziger Marks; and;

6. Aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (1) through (5).

B.      That this Court enter an order directing Defendants to cancel the registration of the domain name "danzigerkoshermidwest.com" and to immediately cease causing the redirection of users of the domain name "danzigerkoshermidwest.com" to any websites used or authorized by the Defendants;

C.      That this Court enter judgment in favor of Danziger Holdings and against Defendants for actual damages, Defendants' profits, attorney's fees and punitive and exemplary damages that this Court fins appropriate to deter any future willful infringement; and

D.      Granting such other and further relief as the Court deems just and proper.

## COUNT III
*By Danziger Holdings Against All Defendants for*
*Trademark Infringement*

69.     Danziger Holdings realleges paragraphs 1 through 50 as paragraph 69 of Count III.

70.     Defendants have engaged in the unauthorized use of the Danziger Marks in commerce.

71.     As a result of Defendants' unauthorized use of the Danziger Marks in commerce, consumers are likely to believe, contrary to fact, that Defendants' goods and services are sold, authorized, endorsed or sponsored by Danziger Holdings.

72.     As a result of Defendants' unauthorized use of the Danziger Marks in commerce, consumers are likely to believe, contrary to fact, that Defendants' goods and services affiliated with Danziger Holdings and its licensee, Danziger USA.

73.     The acts of Defendants are causing immediate and irreparable harm and injury to Danziger, and to its goodwill and reputation, and will continue to both damage Danziger Holdings and confuse the public unless enjoined by this court.

74.     Danziger Holdings has no adequate remedy at law.

WHEREFORE, Plaintiff, DANZIGER HOLDINGS, L.L.C., prays as follows:

A.      That this Court enter an order granting an injunction, temporarily, preliminarily and permanently enjoining the Defendants, DIMENSIONS EVENTS, INC. also known as

DIMENSIONS KOSHER CATERING, formerly known as DIMENSIONS MUSIC, INC. and SHMUEL MESHIACH, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

1. Providing, selling, marketing, advertising, promoting, or authorizing any third party to provide, sell, market, advertise or promote catering services bearing the Danziger Marks or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the Danziger Marks;

2. Engaging in any activity that infringes Danziger Holdings' rights in the Danziger Marks;

3. Engaging in any activity constituting unfair competition with Danziger Holdings and its licensee, Danziger USA;

4. Making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendants' goods and services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Danziger Holdings or its licensee, Danziger USA; or (ii) that the goods and services of Danziger Holdings and its licensee, Danziger USA, are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Defendants;

5. Registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or

incorporating the Danziger Marks or any other mark that infringes or is likely to be confused the Danziger Marks; and;

    6.   Aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (1) through (5);

B.    That this Court enter an order directing Defendants to cancel the registration of the domain name "danzigerkoshermidewest.com" and to immediately cease causing the redirection of users of the domain name "danzigerkoshermidwest.com" to any websites used or authorized by the Defendants;

C.    That this Court enter judgment in favor of Danziger Holdings and against Defendants for actual damages, Defendants' profits, attorney's fees and punitive and exemplary damages that this Court fins appropriate to deter any future willful infringement; and

D.    Granting such other and further relief as the Court deems just and proper.

## COUNT IV
*By Danziger Holdings Against All Defendants for*
*Trademark Dilution Pursuant to 765 ILCS 1036/65*

75.    Danziger Holdings realleges paragraphs 1 through 50 as paragraph 75 of Count IV.

76.    The Danziger Marks have acquired a high degree of distinctiveness in the State of Illinois and is famous within the meaning of 765 ILCS 1036/65.

77.    The unauthorized use of the Danziger Marks by Dimensions, under the supervision and control of Mashiach, has diluted the distinctive qualities of the famous Danziger Marks.

78.     The acts of Defendants are causing immediate and irreparable harm and injury to Danziger, and to its goodwill and reputation, and will continue to both damage Danziger Holdings and confuse the public unless enjoined by this court.

79.     Danziger Holdings has no adequate remedy at law.

WHEREFORE, Plaintiff, DANZIGER HOLDINGS, L.L.C., prays as follows:

A.      That this Court enter an order granting an injunction, temporarily, preliminarily and permanently enjoining the Defendants, DIMENSIONS EVENTS, INC. also known as DIMENSIONS KOSHER CATERING, formerly known as DIMENSIONS MUSIC, INC. and SHMUEL MESHIACH, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from engaging in any activity that is likely to dilute the distinctiveness of the Danziger Marks; and

B.      Granting such other and further relief as the Court deems just and proper.

**COUNT V**
*By Danziger Holdings and Danziger USA Against All Defendants for*
*Violation of the Illinois Consumer Fraud and Deceptive Trade Practices Act*
*[815 ILCS 505/1 et seq.]*

80.     Danziger Holdings and Danziger USA realleges paragraphs 1 through 50 as paragraph 80 of Count V.

81.     The acts and conduct of Defendants, as alleged above, constitute unfair competition as defined by 185 ILCS 505/1(a) by causing a likelihood of confusion or misunderstanding as to the source of their goods and services in the following ways:

a.  By using the Danziger Mark on the Dimensions' Social Media;

b.   By using the DKC domain name to lead consumers into believing that the domain name will lead them to the Danziger USA website but instead redirects users to the Dimensions' website; and

c.   By using the Danziger Works to intentionally and falsely mislead consumers into believing that the goods and services offered by Danziger USA are goods and services offered by Dimensions.

82.   As a direct and proximate result of Defendants' acts and conduct, Danziger Holdings and Danziger USA have been and will likely continue to be substantially injured in their business and endure substantial damage to its good will and reputation.

83.   Defendants took these actions for the willful and calculated purpose of injuring Danziger Holdings and Danziger USA misleading and deceiving Danziger USA's customers and business stake holders such as hotels and banquet facilities into believing that the goods and services offered by Danziger USA are identical or similar to the goods and services offered by Dimensions.

WHEREFORE, Plaintiff, DANZIGER KOSHER CATERING USA L.L.C. and DANZIGER HOLDINGS, L.L.C.,  pray that this Court enter judgment in favor of Danziger Kosher Catering USA and Danziger Holdings and against the Defendants, DIMENSIONS EVENTS, INC. also known as DIMENSIONS KOSHER CATERING, formerly known as DIMENSIONS MUSIC, INC. and SHMUEL MESHIACH, jointly and severally for:

A.   Compensatory damages to be determined by a trier of fact;

B.   Punitive damages;

C.   Attorney's fees; and

D.   Such other and further relief as this Court deems just and proper.

### COUNT VI
*By Danziger Holdings and Danziger USA Against All Defendants for Violations of*
*Illinois Uniform and Deceptive Trade Practices Act*
*[815 ILCS 510/2]*

84.     Danziger Holdings and Danziger USA realleges paragraphs 1 through 50 as paragraph 84 of Count VI.

85.     The business activities of Dimensions, under the supervision and control of Mashiach, cause a likelihood of confusion or misunderstanding as to the source, sponsorship, approval, affiliation, or connection of Danziger Holdings' trademarks and Danziger USA's goods and services.

86.     The business activities of Dimensions, under the supervision and control of Mashiach, violate the Illinois Uniform Deceptive Trade Practices Act [815 ILCS 501/2].

WHEREFORE, Plaintiff, DANZIGER KOSHER CATERING USA L.L.C. and DANZIGER HOLDINGS, L.L.C.,  pray that this Court enter judgment in favor of Danziger Kosher Catering USA and Danziger Holdings and against the Defendants, DIMENSIONS EVENTS, INC. also known as DIMENSIONS KOSHER CATERING, formerly known as DIMENSIONS MUSIC, INC. and SHMUEL MESHIACH, jointly and severally for:

A.      Compensatory damages to be determined by a trier of fact;

B.      Punitive damages;

C.      Attorney's fees; and

D.      Such other and further relief as this Court deems just and proper.

### COUNT VII
*By Danziger USA Against All Defendants to Confirm*
*Arbitration Award and Enter Judgment On Award*
*[710 ILCS 5/11]*

87.     Danziger USA realleges paragraphs 1 through 50 as paragraph 87 of Count VII.

88.     Danziger USA and Dimensions agreed to arbitration before the Beth Din and to abide by the decision thereafter pursuant to the Amended Shtar.

89.     The June 8 Ruling and the July 5 Ruling were rendered by the Beth Din as an arbitration panel pursuant to the Amended Shtar.

90.     Pursuant to 710 ILCS 5/11:

Upon application of a party, the court shall confirm an award, unless within the time limits hereinafter imposed grounds are urged for vacating or modifying or correcting the award, in which case the court shall proceed as provided in Sections 12 and 13.

91.     Danziger USA brings this Count VII to confirm the June 8 Ruling and the July 5 Ruling.

92.     The Beth Din made reasonable findings based on the evidence presented during the course of multi-day hearing.

WHEREFORE, Plaintiff, DANZIGER KOSHER CATERING USA L.L.C. prays that this Court enter an order as follows:

A.     Confirming the June 8 Ruling and the July 5 Ruling of the Beth Din sitting as an arbitration panel pursuant to agreement between the parties; and

B.     For such other and further relief as this Court deems just and proper.

Dated: August 27, 2018                    DANZIGER KOSHER CATERING USA, L.L.C. and
                                          DANZIGER FAMILY HOLDINGS L.L.C.,

                                          By: /Robert R. Benjamin/
                                                Robert R. Benjamin
                                                One of their attorneys

Robert R. Benjamin, Esq. (#017042)
Beverly A. Berneman, Esq. (#6189418)
Ashley L. Orler, Esq. (#6297339)
Neil P. Johnson, Esq. (#6324125)
GOLAN CHRISTIE TAGLIA LLP

70 W. Madison Street, Suite 1500
Chicago, Illinois 60602
(312) 263-2300
rrbenjamin@gct.law
baberneman@gct.law
alorler@gct.law
npjohnson@gct.law